**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3264
_____

SHARON A. FINIZIE,
Appellant

v.

SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-02050)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion Filed:  October 9, 2018)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

BIBAS, *Circuit Judge*.

Sharon Finizie applied to become an infection-control nurse at Philadelphia's veterans' hospital, but was rejected. She contends that the hospital rejected her in retaliation for her Title VII complaints. But she offers no evidence to support her claim of retaliation. So we will affirm the District Court's grant of summary judgment for the hospital.

## I. BACKGROUND

For more than three decades, Finizie has worked at the hospital as a nurse. From 1981 to 1993, she worked in its infection-control unit. But she was reprimanded and reassigned to quality management after the hospital found her negligent. After reassignment, she kept up her infection-control certification and still saw herself as an infection-control nurse.

In the decades since, Finizie applied for every infection-control opening at the hospital. Each time, the hospital rejected her. And each time, she filed Title VII complaints with the Equal Employment Opportunity Commission, alleging discrimination and retaliation. In total, Finizie filed eighteen Title VII complaints over the years, most of which related to her denied applications.

In February 2010, the hospital announced a vacancy for an infection-control nurse. Finizie applied. In her cover letter, she included a paragraph noting her history of Title VII complaints, adding that she "hope[d] and trust[ed]" that those filings would not "taint[ ]" her application. App. 96.

Finizie met the job qualifications and interviewed for the job. But a few months later, the hospital cancelled the vacancy when it learned that the incumbent infection-control nurse would delay retiring. After the hospital told that to Finizie, she filed another Title

VII complaint with the Commission, alleging that she had been denied the job because of her past Title VII complaints.

Meanwhile, the infection-control nurse announced that she would indeed retire. So once again, the vacancy opened. Once again, Finizie applied and included a paragraph listing her Title VII filings. Once again, she met the qualifications and interviewed. Once again, she was not hired; the job went to Susan Blake. And once again, Finizie filed a Title VII complaint with the Commission, alleging retaliation.

The Commission rejected both of Finizie's complaints about the job postings. For each complaint, the Commission found that she had made out a prima facie case. But for each, the Commission found that the hospital had given legitimate, non-retaliatory reasons for its actions. And for each, the Commission found that Finizie had not shown that those reasons were pretextual. So it rejected Finizie's complaints. It then gave her a right-to-sue letter for each one. And sue she did.

The District Court also rejected the complaints. Finizie had not made out a prima facie case, it reasoned, because she had shown no causal connection between her prior complaints and the hospital's decision.

Even if she had, the court explained, the hospital had legitimate, non-retaliatory reasons for hiring Blake. Blake was the head of infection control at the Louisville veterans' hospital and earned the top interview score. She was thus the unanimous choice of the committee. Finizie, by contrast, got the lowest interview score. And in her current job, she neither supervised others nor worked in infection control. Finizie offered no evidence to rebut

3

these non-retaliatory reasons. So the District Court granted summary judgment for the hospital. We review the grant of summary judgment de novo. *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256 (3d Cir. 2017).

## II. FINIZIE HAS NOT SHOWN A PRIMA FACIE CASE OR PRETEXT

A Title VII plaintiff alleging retaliation must show some causal connection between her Title VII activity and her employer's decision not to hire her. Finizie has not shown any causal connection, so the hospital is entitled to judgment as a matter of law.

Title VII forbids many types of discrimination in the workplace. 42 U.S.C. §2000e-2. It charges the Commission with enforcing those bars. *Id.* §2003e-5. And it protects employees who file Title VII complaints from an employer's retaliation. *Id.* §2000e-3(a).

*McDonnell Douglas*'s burden-shifting framework governs Title VII retaliation claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Carvalho-Grevious*, 851 F.3d at 257. To survive summary judgment, the employee must first set forth a prima facie case of retaliation. That requires showing three elements: an activity protected by Title VII; an adverse employment action; and a causal connection between the two. *Carvalho-Grevious*, 851 F.3d at 257. The employer then bears the burden of offering a non-retaliatory reason for its action. *Id.* Once the employer offers such a reason, the employee bears the burden of showing that the proffered explanation is a pretext and that the real reason was retaliation. *Id.*

Finizie has not made out a prima facie case, so her retaliation claim fails. She has shown protected activity: her voluminous record of complaints to the Commission. And she has shown adverse action: two rejections from the infection-control job. But she has shown no

4

causal connection between the two. Even after discovery, she has offered no evidence that the hospital turned her down *because of* her Title VII complaints. Nor can we find any.

Even if we look beyond the prima facie case, Finizie has not rebutted the hospital's legitimate, non-retaliatory reasons for turning her down. She has not shown that the hospital cancelled the first vacancy for any reason other than the incumbent nurse's decision to delay retiring. And she has not shown that its decision to hire Blake was pretextual. Blake's qualifications were better than hers: Blake held an infection-control job in a similar hospital. She also had more experience and a spotless record. And she scored better on the interview.

For those reasons, the hiring committee chose Blake unanimously. Those reasons are far from the "implausibilities, inconsistencies, incoherencies, or contradictions" that can discredit an employer's proffered reason. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). So we see no support for Finzie's bare allegations of pretext.

*\* \* \* \* \**

We sympathize with Finizie. She sees herself as an infection-control nurse, seeks to work as one, and meets with frustration when she keeps applying for those jobs. But that does not mean the hospital retaliated against her, and she has not shown retaliation. So we will affirm.

5